IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE LOPEZ,

    Petitioner,                      No. CIV S-04-1316 MCE JFM P

    vs.

SCOTT KERNAN, Warden, et al.,

    Respondents.             <u>ORDER</u>

          Petitioner is a state prisoner proceeding through counsel and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 1997 of transportation of a controlled substance and false impersonation and sentenced to two consecutive indeterminate prison terms of twenty-five years to life. On May 11, 2007, petitioner filed an amended petition raising three claims.

          On July 19, 2007, respondents filed an amended motion to dismiss alleging that petitioner has failed to exhaust his state remedies with regard to claim one of the amended petition: insufficiency of the evidence of petitioner's false impersonation claim.

          On August 28, 2007, the court issued a briefing notice pursuant to Local Rule 78-230(m), advising petitioner that opposition was due not more than 21 days after the date of the notice. Petitioner has not filed an opposition. However, petitioner labeled claim one as "fully exhausted." (Am. Pet. at 3.)

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

Petitioner raised an insufficiency of the evidence claim in his direct appeal. (Resp.'s September 22, 2004 Mot. to Dismiss (hereafter "MTD"), Ex. A.) However, in the Petition for Review, petitioner did not raise an insufficiency of the evidence claim. (MTD, Ex. C.) Rather, petitioner claimed the trial court erred by failing to instruct the jury that false personation requires the specific intent to obtain a benefit or to harm the person being personated, whether findings on allegations of prior convictions must be reversed where jurors are told that identity of person may be presumed from identity of name and jurors are not reminded of the presumption of innocence, whether it was reversible error for the judge to poll the jury before the verdicts are announced, and whether petitioner's sentence was cruel and unusual punishment. (Id.)

Petitioner did not raise an insufficiency of the evidence claim in his first petition for writ of habeas corpus. (MTD, Ex. E.) Petitioner alleged only a cruel and unusual punishment claim therein. (MTD, Ex. E.) Petitioner raised only the cruel and unusual punishment claim in his petition for writ of habeas corpus filed in the Third District Court of Appeal. (MTD, Ex. G.) Finally, petitioner raised only the cruel and unusual punishment claim in his September 26, 2002 petition for writ of habeas corpus in the California Supreme Court. (MTD, Ex. I.)

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to petitioner's insufficiency of the evidence claim and his claim of instructional error on false personation. Petitioner omitted the instructional error from the amended petition. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Good cause appearing, petitioner will be granted thirty days to file an amended petition raising only exhausted claims.[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

/////

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents' July 19, 2007 motion to dismiss is granted;

2. Petitioner's amended petition for a writ of habeas corpus is dismissed; and

3. Petitioner is granted thirty days from the date of this order to file a second amended petition raising only exhausted claims. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: October 9, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; lope1316.fte

---

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).